**Mamadou Montagna BARRY, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–1310–ag.**

United States Court of Appeals, Second Circuit.

Dec. 1, 2006.

Thomas V. Massucci, Esq., New York, New York, for Petitioner.

Charles T. Miller, United States Attorney for Southern District of West Virginia, R. Booth Goodwin II, Assistant United States Attorney, Charleston, West Virginia, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Mamadou Montagna Barry, a citizen of Guinea, seeks review of a February 22, 2006 order of the BIA affirming the September 7, 2004 decision of Immigration Judge ("IJ") Annette Elstein deny-

ing his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Mamadou Montagna Barry,* No. A78 229 362 (B.I.A. Feb. 22, 2006), *aff'g* No. A78 229 362 (Immig. Ct. N.Y. City Sept. 7, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA adopts and affirms the IJ's decision, but rejects some of the IJ's reasoning, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the .... argument[s] for denying relief that [were] rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, because the BIA indicated that "some" of the IJ's credibility findings were adequately explained by Barry without delineating which particular findings it rejected, we look to only those findings that the BIA expressly affirmed.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–63 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ We are not compelled to overturn the IJ's finding that Barry testified in a non-responsive manner which adversely effected his credibility. The record indicates that on several occasions, Barry failed to respond to questions, or gave inappropriate or unrelated answers to them. For example, the IJ noted that "Barry has a tendency to be vague and ramble" after Barry's counsel had to ask him twice why he had been taken to prison, then asked twice more how he knew the reason he had been targeted for arrest. Furthermore, even Barry's counsel was frequently required to ask him to be more specific when he gave incomplete, or evasive answers.

In addition, although we note that the BIA may not normally engage in fact-finding, *see* 8 C.F.R. §§ 1003.1(d)(3)(iv), 1003.3(f), it may, as here, point to portions of the record which support an IJ's overall credibility determination, which in this case is the factual finding in dispute. Moreover, we agree that the IJ's adverse credibility finding was supported by Barry's inconsistent testimony about how he obtained his passport. Barry first testified that he was able to bribe authorities at the Ministry of National Security in order to obtain the document, but later admitted that the passport was issued by the Commissioner of Police.

We also agree that the IJ reasonably relied on the discrepancy between Barry's testimony at the hearing and the information he supplied in his visa application, where he testified that he was detained for a week, but indicated in the application that he had never been arrested. Substantial evidence supports the IJ's reliance on this discrepancy, as Barry's explanation for the inconsistency was itself inconsistent. The record indicates that Barry stated that he made a mistake on his visa application because he did not understand the question, but when the IJ asked him to specify what part of the question he misunderstood, he did not respond. Later, he

changed his testimony, claiming that he must have overlooked the question.

■ However, we do not agree that the IJ and BIA reasonably relied on the State Department's forensic report, where the IJ described the report as a "confusing" document issued by an "unnamed representative at the Embassy in Conakry" which "doesn't give the Court a substantial basis for finding that the warrant was, indeed, a fraudulent document." In addition, we note that the report is based on hearsay within hearsay, is not signed, and does not indicate to which of Barry's "wanted" notices it refers.

■ Furthermore, the IJ erred in faulting Barry for not authenticating the document pursuant to 8 C.F.R. § 1287.6. In *Cao He Lin*, 428 F.3d at 404–05, we held that an IJ may not reject an asylum-seeker's document solely because the document was not authenticated pursuant to Section 1287.6. We further held that this regulation " 'is not the exclusive means of authenticating records before an immigration judge' " in part, because " 'asylum applicants can not always reasonably be expected to have an authenticated document from an alleged persecutor.' " *Id.* (quoting *Gui Cun Liu v. Ashcroft*, 372 F.3d 529, 532 (3d Cir.2004) (internal quotation marks omitted)). Here, it is clear that Barry provided an alternative means of authentication through the submission of a letter from his uncle attesting to how his "wanted" notice was obtained. It was therefore error for the IJ to mechanically reject Barry's documents simply because Barry failed to comply with Section 1287.6.

Nevertheless, where an adverse credibility determination is based, in part, on flawed grounds, remand is not required if overwhelming evidence in the record makes it clear that the same decision is inevitable on remand, i.e., whenever we are confident that the agency would reach the same result upon a reconsideration cleansed of errors. *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107–09 (2d Cir.2006) (citing *Cao He Lin*, 428 F.3d at 406, and *Xiao Ji Chen*, 434 F.3d at 161). Here, despite error in the decisions of the IJ and BIA, we can confidently predict that the same result would be reached absent the errors because substantial evidence supports the agency's determinations that Barry was not credible because of his "evasive and incoherent testimony."

Finally, we deem Barry's withholding and CAT claims unexhausted, and therefore waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005); *Theodoropoulos v. INS*, 358 F.3d 162, 165–69, 174 (2d Cir.2004).

For the foregoing reasons the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED.