Mamadou Mountaga BARRY, Petitioner,

v.

Michael B. MUKASEY,[1] Respondent.

No. 07–3430–ag.

United States Court of Appeals, Second Circuit.

July 16, 2008.

Thomas V. Massucci, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Linda S. Wernery, Assistant Director; Gregory M. Kelch, Attorney, U.S. Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. B.D. PARKER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

**SUMMARY ORDER**

Petitioner Mamadou Mountaga Barry, a native and citizen of Guinea, seeks review of an August 6, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Mamadou Mountaga*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

*Barry,* No. A 78 229 362 (B.I.A. Aug. 6, 2007). This Court previously denied Barry's direct appeal from the BIA's decision affirming the IJ's denial of asylum, withholding of removal, and relief under the Convention Against Torture. *See Barry v. Gonzales,* 207 Fed.Appx. 52 (2d Cir.2006). That ruling, in which we affirmed the adverse credibility finding, remains the law of the case. *See United States v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir.2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen or reconsider, this Court reviews the BIA's decision for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

The BIA did not abuse its discretion in denying Barry's motion to reopen as untimely. Barry's motion to reopen, filed more than 14 months after the BIA's February 2006 decision affirming the IJ's denial of relief, was untimely. *See* 8 C.F.R.

§ 1003.2(c)(2) (requiring motion to reopen to be "filed no later than 90 days after the date on which the final administrative decision was rendered"). Moreover, the BIA properly found that Barry failed to show that his motion to reopen met an exception to the time limitations based on changed country conditions in Guinea. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Barry presented no evidence of changed country conditions in his motion to the BIA (or on this appeal). Rather, Barry argues that reopening is warranted in light of a change in Circuit law. However, a change in law is not a changed country condition within the meaning of the regulations. Barry cites to INA § 208(a)(2)(D), but this provision excuses only an untimely application for asylum, not an untimely motion to reopen. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)(i)(B). Untimely motions to reopen must satisfy an exception provided in INA § 240(c)(7)(C)(ii), which does not include a change in law. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *cf. In re Cerna,* 20 I. & N. Dec. 399, 402 n. 2 (BIA 1991) (observing that arguments based on a change in law must be brought via a motion to reconsider, which is subject to a 30–day filing deadline). Only changed country conditions—absent here—could justify reopening.[2]

Even if a change in law could merit reopening, the BIA properly found that Barry failed to demonstrate that the change in law requires reopening in his case. Barry contends that the Depart-

---

**2.** Barry also argues that the change in law amounts to a "truly exceptional situation" justifying reopening by the BIA *sua sponte. See In re G–D,* 22 I. & N. Dec. 1132, 1135 (BIA 1999); 8 C.F.R. § 1003.2(a). "[A] decision of the BIA whether to reopen a case *sua sponte* under 8 C.F.R. § 1003.2(a) is entirely

discretionary and therefore beyond our review-in other words, we lack jurisdiction to review the BIA's decision not to reopen [an applicant's] immigration proceedings *sua sponte.*" *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (per curiam).

ment of State ("DOS") revealed to the Guinean government that he was seeking asylum in the United States when the DOS arranged for its embassy in Guinea to verify the authenticity of some of his documents, and that as a result, he has a well-founded fear of persecution, as supported by our decision in *Zhen Nan Lin v. U.S. Dep't of Justice,* 459 F.3d 255 (2d Cir. 2006).

In *Zhen Nan Lin,* the Government had violated the confidentiality requirement of 8 C.F.R. § 208.6 by submitting for verification the applicant's Certificate of Release to the Prison Bureau in China. *Id.* at 262. The government conceded in that case that it had disclosed an unredacted copy of the document, revealing extensive identifying information about the applicant and about his opposition to the Communist government. *Id.* at 265. The case was remanded to determine, *inter alia,* whether the breach of asylum confidentiality exposed the applicant to an additional risk of persecution. *Id.* at 268.

In Barry's case, the government has not conceded that it breached its asylum confidentiality procedures. To the contrary, Barry, who had the burden of proof on the motion to reopen, failed to offer any evidence that the DOS failed to take adequate precautions in conducting its investigation of Barry's documents. As the BIA noted, the record evidence on this point indicates that proper procedures were followed. Specifically, the record includes the DOS report stating that the information request to the local embassy contained "notification that asylum inquiries are confidential and the fact that a subject of an inquiry is an asylum applicant may not be divulged to foreign persons." The DOS report further states: "The Embassy also has provided assurances that this [confidentiality] provision is respected in every case." [3]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**3.** Even if Barry's petition were not defeated by late, unexcused filing of the motion to reopen, and even if Barry had shown that there was a breach of asylum confidentiality, his petition would fail for further the alternative reason, not reached by the BIA, that the alleged breach occurred during the course of his removal proceedings and thus was not new or previously unavailable evidence. 8 C.F.R. § 1003.2(c)(1). Although we are limited in our review to the reasons given by the agency, *see Dong Gao v. BIA,* 482 F.3d 122, 127 (2d Cir.2007), this additional reason for denial of relief confirms the futility of remand in this case, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006).